UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No 21-CR-41-05-JL |
| V. ) | |
| ) | |
| NOBODY ) | |

DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

Pursuant to 18 U.S.C. § 3142(c), counsel for the defendant, Nobody, moves that this Honorable Court release him on conditions pending trial. On March 31, 2021, counsel contacted the government through Assistant United States Attorney Seth Aframe. The government does not assent.

As grounds therefore the defendant states:

1) On March 16, 2021, the defendant stipulated to detention without prejudice before the Court, Magistrate Judge Lynch.

2) The defendant is charged pursuant to 18 U.S.C. §§ 371, 1960(a) and (b)(1)(B) with conspiracy to operate an unlicensed money transmitting business[1]; 18 U.S.C. §§ 1343, 1349 conspiracy to commit wire fraud[2]; and 18 U.S.C. §§ 1343 wire fraud.[3]

3) The defendant was born and raised in Michigan but moved to New Hampshire in approximately 2009 where he has lived at the same address in Keene, NH[4], for over ten years.

4) The defendant is not a flight risk. The defendant has no passport in his possession and his memory is that his passport has expired. For the last ten plus years his life has been in this jurisdiction in the state of New Hampshire. The only reason that he would have to leave New Hampshire, would be in the unfortunate event of the death of his 90 year old father Ara, or his 90 year old mother Shirley. In the event of their passing, he would contact probation and seek permission of the Court to return to Michigan to attend funeral services.

5) There are conditions that will reasonably assure the safety of any person and the

---

[1] Count 1 carries a maximum of five years imprisonment.
[2] Count 4 carries a maximum of twenty years imprisonment.
[3] Counts 16, 17, and 18 each carry a maximum of twenty years imprisonment.
[4] This home is a duplex. Prior to his arrest, Ian Freeman was living in the other half of the duplex at an address known to the probation department. Mr. Freeman has been detained pending trial. Release of Nobody to live at his former address would not violate conditions of release preventing association with co-defendants.

community.

Those proposed conditions are as follows from a standard Order Setting Conditions of Release: ¶'s 1, 2, 3, 4, 7(a), 7(b), 7(c), 7(l), 8(a) and additional conditions of release attached as Exhibit 1 to this motion.  These conditions would allow the Court, through probation, to keep regular contact with the defendant and prevent him from being in contact with his co-defendant's.  These conditions would also prevent him from possessing or using a computer. The "Additional Conditions of Release" would also prevent him from accessing any digital currency wallets or transferring any cryptocurrency. These proposed conditions are the exact conditions that co-defendant's Andrew Spinella, Renee Spinella, Aria Dimezzo and Collen Fordham were released on.

(6) Release on conditions is appropriate for Nobody based on the charges he is facing as compared to his co-defendant's that have already been released.  Collen Fordham faces identical charges to Nobody, one count of conspiracy to operate an unlicensed money transmitting business; one count of conspiracy to commit wire fraud; and three counts of wire fraud.  Renee Spinella faces the same conspiracy charges and two counts of wire fraud while Andrew Spinella also faces the same conspiracy charges and one count of wire fraud. Aria Dimezzo faces one count of conspiracy to operate an unlicensed money transmitting business and one count of operation of an unlicensed money transmitting business.

(7) The only defendant that has been detained is the leader of the alleged conspiracy, Ian Freeman.  Freeman's charges are more numerous and serious in scope than those of Nobody. Freeman is charged with one count of conspiracy to operate an unlicensed money transmitting business; one count of operation of an unlicensed money transmitting business; one count of conspiracy to commit wire fraud; six counts of wire fraud; one count of conducting a continuing financial crimes enterprise pursuant to 18 U.S.C. § 225; and money laundering pursuant to 18 U.S.C. § 1956(a)(3)(b).  Freeman faces a potential penalty under 18 U.S.C. § 225 of a ten year minimum and a maximum of life and under the money laundering statute a maximum of twenty years.

For all of the above reasons the defendant, Nobody, requests that this Court release him on conditions set forth above.

                                          Respectfully submitted,

                                          /s/ John V. Apruzzese # 268149

                                          _____

                                          81 Washington Street, Suite 206
                                          Salem, MA 01970
                                          MA #560999
                                          Phone (978)-745-4232
                                          jvapruzzeesesq@aol.com


### L.R. 7.1(a) MEMORANDUM STATEMENT

A memorandum is not necessary for the proper disposition of this motion.

### L.R. 7.1(c) STATEMENT OF CONCURRENCE

On March 31, 2021, counsel contacted the government through Assistant United States Attorney Seth Aframe. The government does not assent.

### Certificate of Service

I hereby certify that I served a copy of Defendant's Motion to be Released on Conditions pursuant to the CM/ECF system which was sent electronically to the registered participants on this day, March 31, 2021.

                                                              /s/ John V. Apruzzese # 268149
                                                               _____