**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Crim. No. 21-cr-041-05-JL

Nobody

**ORDER OF DETENTION PENDING TRIAL**

The defendant has been charged by indictment with (1) Conspiracy to Operate an Unlicensed Money Transmitting Business in violation of 18 U.S.C. §§ 371, 1960(a) and (b)(1)(B), (2) Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349, and (3) three counts of Wire Fraud in violation of 18 U.S.C. § 1343.  On May 28, 2021, the defendant appeared by video conference for a detention hearing.  The government proceeded on proffers while the defendant testified as well as proffered.  For the reasons stated below, the defendant will be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]."  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, based on the below-referenced recorded call, the government has invoked § 3142(f)(2)(B), which

permits it to request detention in a case that involves a serious
risk that the defendant will obstruct or attempt to obstruct
justice, or threaten, injure, or intimidate, or attempt to
threaten, injure, or intimidate, a prospective witness or juror.
The defense did not contest the government's right to seek
detention and the hearing proceeded to the issue of detention.

On the issue of detention, the court must determine whether
any condition or combination of conditions set forth in Section
3142(c) will reasonably assure the appearance of the defendant
("risk of flight") and the safety of any other person and the
safety of the community  ("dangerousness").  18 U.S.C. § 3142(f);
United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).
In making this determination, the court must consider the
following: (1) the nature and circumstances of the offense
charged; (2) the weight of the evidence as to guilt; (3) the
history and characteristics of the accused, including family
ties, past history, financial resources and employment; and (4)
the nature and seriousness of the danger to any person or the
community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government has the burden of persuading the
court that no condition or combination of conditions will
reasonably assure (1) the defendant's presence at trial, United
States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2)

the safety of another or the community.  Patriarca, 948 F.2d at
793.  For its part, the government is required to offer a
preponderance of the evidence to prove risk of flight and clear
and convincing evidence to establish dangerousness.  See
Patriarca, 948 F.2d at 792-93.

The government requests detention based on its contention
that the defendant poses a danger to the community. In support of
detention, the government points to the extensive weight of the
evidence, the defendant's alleged active substance abuse and his
position that he is not in need of treatment, and his criminal
record, which includes drug offenses and convictions for criminal
contempt and obstruction of government administration.  Those
factors, while relevant, standing alone likely would not support
a dangerousness finding.  However, when one adds the threatening
content of a recorded conversation while the defendant was
incarcerated, the balance tips in favor of detention.

In that recorded conversation with two acquaintances
following his arrest and stipulation to detention, the defendant
made the following statements:

*He characterized his former court-appointed attorney as
"corrupt" and stated that "the mother f***er needs to die."

*He characterized the people who "run this goddamn system" as
"evil f***ing pieces of shit" who "don't give a f*** about
reality, don't give a f*** about fairness."

*He stated that "anyone working in this piece of shit system is evil."

*After describing how upset he was that "these pieces of shit have done this [to him]," the defendant declared that "somebody needs to start shooting pigs … this is the only way … somebody needs to start shooting pigs."

*At one point in the conversation, he said that "it's time for the f***ing boogaloo.  It's time for the f***ing boogaloo.  That is how this thing ends when we end this f***ing government."

*After suggesting that he would kill himself by overdose if sentenced to an extended term of incarceration, the defendant exclaimed that he "wants to make this right for the next mother f***er who is in this situation" and said "if I die, I die."

The question is whether these threats of violence and vengeance against the government, law enforcement, and others involved in the legal system--and his apparent lack of concern for his own life--merely reflect a person who is frustrated and venting about a charge he thinks is unjust, or reflect the mind of a person whose hatred toward the government could move him to violent action against others if released.  There is no definitive answer to that question.  But the court has an obligation to protect law enforcement, probation officers, government employees and the public from a person who has been shown, by clear and convincing evidence, to present a danger to them.  The court finds the defendant's aggressive, vengeful, and hostile tone, combined with the severity of the threats, provide clear and convincing evidence that the defendant, if released, would present a danger to the community.  Therefore, he will be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                    /s/ Daniel J. Lynch
                                    Daniel J. Lynch
                                    United States Magistrate Judge
Date: June 1, 2021

cc:   Counsel of Record
      U.S. Marshal
      U.S. Probation

5