UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 21-cr-41-JL |
| ) | |
| NOBODY    ) | |

### UNITED STATES' POST-HEARING MEMORANDUM

At the Court's recent hearing on Defendant Nobody's motion for release pending trial, the defendant argued that the defendant's dangerousness to the community is not a factor that the Court can consider when the government moves for detention under 18 U.S.C. § 3142(f)(2)(B). The defendant relies on United States v. Ploof, 815 F.2d 7 (1st Cir. 1988), for that argument. The Court requested that the parties file post-hearing submissions addressing Ploof's impact on what information the Court can consider in deciding a detention motion under § 3142(f)(2)(B).

The defendant's argument is incorrect. When the government's ground for detention is § 3142(f)(2)(B), Ploof requires that the Court make an initial determination that the government has shown a "serious risk" that the defendant "will obstruct or attempt to obstruct justice or threaten, injure or intimidate, or attempt to threaten injure or intimidate, a prospective witness or juror." That showing is the gateway to a detention hearing. Once the government makes this threshold showing, the Court should order detention, after applying the usual considerations under 18 U.S.C. § 3142(g), if it concludes that no conditions or combination or conditions will "assure the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Bail Reform Act does not permit a detention "whenever the government thinks detention would be desirable." Ploof, 851 F.2d at 10. Rather, the government can only obtain a detention hearing if the case fits into one of the criteria set forth in 18 U.S.C. § 3142(f)(1) or (2).

The § 3142(f)(1) criteria deal with either the nature of the pending charge or aspects of the defendant's prior record.  Section 3142(f)(2), on the other hand, provides for a detention hearing based on considerations about the defendant's likely future behavior if released, such as whether he is likely to flee or threaten witnesses.  Thus, "when the government seeks detention, the court makes an initial determination about whether the government has established a threshold ground before proceeding to consider whether a condition or combination of conditions will reasonably assure the appearance of the charged person as required" or mitigate any danger to the community the person's release would otherwise cause.  United States v. Gramolini, Order, 21-cr-31-JD, Docket Number 16, (McAuliffe, J.), attached as Exhibit A.

In a case in which detention is sought under § 3142(f)(1), the threshold analysis of whether there should be a detention hearing is relatively straightforward because the nature of the charge or the defendant's prior record are stationary targets.  When, however, the government seeks detention under § 3142(f)(2), the matter is more complicated because the Court must make a judgment about the defendant's likely future behavior based on evidence about his past conduct.

When, as here, the government moves for a detention hearing under § 3142(f)(2)(B), the Court must consider first the evidence presented by the government to determine whether the defendant's release presents a "serious risk" of committing obstruction or witness tampering.  If the government shows the required serious risk that the defendant will engage or attempt to engage in that conduct, the Court then proceeds to consider the array of considerations set forth in 18 U.S.C. § 3142(g) to make the ultimate detention determination whether there are release conditions that can assure the defendant's appearance and the safety of any other person and the community.  As Judge McAuliffe recently ruled, while a court must make independent findings

to order detention, i.e., (1) the threshold finding that a detention hearing should be held under § 3142(f)(2) and (2) that no conditions will assure the defendant's appearance and the safety of the community under § 3142(e), the Court should hold one hearing and make the required rulings after all the pertinent information on both issues has been presented to the Court.  Exhibit A at 8 and 9.

In sum, Ploof holds that, to order detention where the government seeks detention under § 3142(f)(2)(B), a court must find that there is "a serious risk that the defendant will engage or attempt to engage in the conduct set forth in § 3142(f)(2)(B) *and* that no condition or combination of conditions set forth in § 3142(c) will reasonably assure the safety of any other person and the community."  Ploof, 851 F.2d at 12 (emphasis in the original).[1]  Of course, it will often be that the evidence showing the defendant's likelihood to obstruct or tamper is also the strongest evidence showing the danger that defendant poses if released.  See id.

So it is here.  The government presented recordings of the defendant.  The defendant admits in those recordings that he was angry about his case and that "somebody needs to start shooting pigs, that's the only way, somebody needs to start shooting pigs."  The defendant

---

[1] The defendant's argument is based on pulling the following sentence from Ploof: "[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1)."  Ploof, 851 F.2d at 11. The final sentence of the paragraph clarifies: "Insofar as in the present case there is no longer any contention that any of the subsection (f)(1) conditions were met, pre-trial detention *solely* on the ground of the dangerousness to another person or the community is not authorized." Id. at 12 (emphasis added).  Taken together the statements are correct.  In a § 3142(f)(1) case, the government need make only one factual showing beyond the fact of the indictment to gain detention -- the defendant's dangerousness.  But in a § 3142(f)(2)(B) case, the government must show a serious risk of obstruction/tampering first *and* then dangerousness.  Thus, in a § 3142(f)(2)(B) case dangerousness without evidence of a risk of obstruction/tampering is insufficient to warrant detention.

admitted that "pigs" was a reference to the police and FBI agents (i.e., police) will be witnesses at the defendant's trial.

The defendant's comments in this regard are the strongest evidence that the defendant's release will cause a serious risk that he will attempt to threaten, injure, or intimidate witnesses. As the Court observed, the defendant is charismatic. The defendant also admitted that he is aware that he has many followers. These people no doubt listen to the defendant and even if the Court believes that the defendant is not himself violent, there is no saying how his supporters will react to any future calls by him to take up arms against witnesses.

With time for cool reflection, the defendant explained his behavior as an outburst caused by his circumstances as he perceived them in the moment. But, of course, that's the point. When events don't go his way, the defendant becomes enraged and calls for violence. When testifying to the Court in hopes of release, the defendant effectively kept his emotions in check and attempted to minimize his prior outbursts. But a complex criminal case has a long travel, and there are likely going to be moments on the road ahead when the defendant will again be enraged by some aspect of his case. Given his penchant for losing his cool in such circumstances, there is certainly a serious risk that he will again call for violence against those whom he believes are working against his interests and there is no confident way to predict that such calls will be ignored by his array of supporters.

The Court, of course, can never predict with absolute certainty how a person will behave in the future. But, given how the defendant has already behaved, there is at least a "serious risk" that he will act that way again if provoked and the likelihood of such provocation is high. For this reason, the Court should conclude that the government has met its burden under § 3142(f)(2)(B).

The evidence just discussed also informs the Court's analysis on whether the defendant's release would cause a danger to the community. But there is more. The defendant has several drug convictions and had a substantial amount of pure methamphetamine in his bedroom on the day of his arrest. Further, the defendant has a history of offenses involving defiance of government authority and violating conditions of release. Given that the defendant threatens violence against others, engages with dangerous drugs and does not follow court orders, this Court cannot have confidence that any order it issues will sufficiently protect the community from the defendant.

Finally, the evidence against the defendant is strong. One of the central charges is that the defendant committed wire fraud by lying to a bank about the reason that he was opening an account. The defendant told the bank that he was opening the account to accept church donations for his "Church of the Invisible Hand." But as the contract attached to the government's prior filing (Exhibit 7) shows this assertion was a lie. In reality, the defendant agreed to open the bank account so that Freeman could control it to run his Bitcoin operation that is the subject of this prosecution. The defendant's lie to the bank to obtain an account for Freeman, which would have been otherwise unavailable to Freeman if the defendant had told the truth, is wire fraud.

For the reasons stated here and in the United States' previous filings, this Court should order the defendant's detention pending trial.

Respectfully submitted,

JOHN J FARLEY
Acting United States Attorney


By: /s/ Seth R. Aframe
Seth R. Aframe
Bar MA 643288
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
seth.aframe@usdoj.gov

Date: July 28, 2021