UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                          Criminal No. 21-cr-031-JD

Robert Gramolini

O R D E R

Robert Gramolini is charged with one count of possession and storage of stolen goods - three trailers used for hauling and their contents - in violation of 18 U.S.C. § 2315. Following a detention hearing, the magistrate judge ordered Gramolini to be detained pending trial. Gramolini now moves for review of that decision pursuant to 18 U.S.C. § 3145(b) and for release on conditions pending trial. The government objects.

Background

Gramolini's initial appearance and arraignment were held on March 11, 2021. Counsel was appointed to represent Gramolini. The government sought detention on the ground that Gramolini posed a flight risk under 18 U.S.C. § 3142(f)(2)(A). Gramolini was ordered to be temporarily detained, and the hearing resumed the next day.

Shortly before the hearing resumed, Gramolini, through counsel, moved for a "threshold determination" as to whether the

government had shown that there was a serious risk that
Gramolini would flee.  Doc. no. 6.  In the motion, Gramolini
asked the court not to conduct a "detention hearing" unless the
government first made a threshold showing by a preponderance of
the evidence that there was a serious risk that Gramolini would
flee.  The motion did not reach the magistrate judge before the
detention hearing began.  When counsel for Gramolini asked about
his motion, the magistrate judge reviewed it and directed the
government to respond to the motion.

The government stated that that it disagreed with
Gramolini's argument because § 3142(f) provides the bases for a
detention hearing and does not require a separate proceeding to
address the issue of flight risk.  Instead, the government
argued, the court could consider whether the defendant was a
flight risk as part of the detention hearing.  The magistrate
judge said that if the government failed to prove that Gramolini
presented a serious risk of flight by a preponderance of the
evidence, there would be no basis for detention.  The government
agreed.

Counsel for Gramolini argued that the government cannot
just ask for detention and be granted a hearing.  Instead, he
argued, before a detention hearing is scheduled, the government
must make a threshold showing that one of the grounds specified
in § 3142(f) applies.  He asserted that the statute requires

that determination to be made before a detention hearing could be held.

In response, the magistrate judge stated that the government was prepared to address both the threshold issue of a serious risk of flight along with the issue of detention and that the presentation on those issues would overlap.  The government agreed that was its position.  The magistrate judge then stated that she would let Gramolini's counsel argue on the procedural issue and on the other issues in the manner he chose.  Gramolini's counsel objected to going forward without a threshold determination.

The magistrate judge proceeded with the hearing.  Counsel made their proffers and arguments.  Counsel for Gramolini recognized at the beginning of his presentation that his objection to holding a hearing before a threshold determination was made had been overruled.  After the proffers and argument by counsel, the magistrate judge found that the government had made a sufficient showing that the case involved a serious risk of flight.  In support, she noted Gramolini's lengthy criminal history and his history of defaults (failures to appear as required), along with his active methamphetamine use (as it affected his reliability).  She also noted that his offense occurred while he was released on bond for another offense and that his housing circumstances were transient.

3

The magistrate judge then properly turned to whether, notwithstanding the risk of flight, there was a condition or combination of conditions that could reasonably assure his appearance as required, and she considered the factors provided under § 3142(g). She found that the government had shown by a preponderance of the evidence, based on Gramolini's history along with other considerations, that there was no condition or combination of conditions that would reasonably assure Gramolini's appearance. Gramolini was ordered detained.

In the detention order form, the magistrate judge found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Gramolini's appearance as required. In support, the magistrate judge found reasons for detention based on the weight of the evidence against Gramolini, his criminal history, his criminal activity while on probation, his history of violence or use of weapons, his history of substance abuse and active methamphetamine use, his lack of a stable residence, his prior failures to appear, and prior violations of probation. She also found that Gramolini's plan to have Kimberley Silvano serve as third-party custodian during his release, who would be responsible to report violations of the conditions of his release, was inappropriate. The magistrate judge noted that Silvano had previously secured a restraining order against Gramolini and that she had not been

4

candid about her own criminal history during her pretrial services interview.

On April 14, the court held a hearing on Gramolini's motion for review. Counsel argued on Gramolini's behalf that the magistrate judge's detention order was based on procedural and substantive errors. Gramolini's counsel also presented new evidence to show that the recent default listed in the Pretrial Services Report had been cleared by the state court, apparently due to a failure to send notice to Gramolini at his correct address. Counsel argued that other occasions of default relied on by the government had occurred many years ago, and did not support a finding that Gramolini, now sixty-two, was currently a serious flight risk. Counsel further argued that Gramolini's current circumstances did not show that he was a serious flight risk or that there was no condition or combination of conditions that would reasonably assure his appearance as required.

Counsel for the government argued in favor of detention, essentially on the same grounds presented to the magistrate judge. The government did not, and is not, seeking detention on grounds that Gramolini poses a risk of danger to any person or the community.

The court has read Gramolini's motion for a threshold determination (document no. 6) and has read the transcript of the detention hearing held on March 12 (document no. 10), along

with Gramolini's motion for review (document no. 13) and the
government's objection (document no. 14).  The court has
considered the presentations made during the hearing held on
April 14, and has also considered the new evidence provided by
Gramolini (document no. 15).

## Standard of Review

A person ordered detained by a magistrate judge, may move
to revoke or amend the detention order and seek release on
conditions.  § 3145(b).  Review of a detention order under
§ 3145(b) is conducted under the de novo standard.  United
States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990); United
States v. Mubarak, 2021 WL 242049, at *3 (D. Mass. Jan. 25,
2021).  In reviewing the magistrate judge's findings, the court
may hear additional argument and accept additional evidence.
United States v. Diaz, 456 F. Supp. 3d 320, 322 (D. Mass. 2020).
Following review, the court will state in writing the reasons
for its decision.  Tortora, 922 F.2d at 883.

## Discussion

In support of his motion for review and revocation of the
magistrate judge's detention order, Gramolini contends that the
magistrate judge committed procedural error by not requiring the
government to first establish that the case involves a serious

6

risk that Gramolini will flee before conducting a detention
hearing.  He further contends that the magistrate judge
committed substantive error in finding that Gramolini is a
flight risk despite his ties to Massachusetts and New Hampshire,
his serious health conditions, his financial dependence on
benefits payments, and the relatively minor charge against him.
He also disputes the magistrate's finding that no condition or
combination of conditions could reasonably assure his appearance
as required.  He asks the court to reverse the detention order
and to release him on conditions.

A.  Procedural Issue

     When a person who is charged with an offense is first
brought before a judicial officer, the judicial officer is
required to determine whether the person will be released,
temporarily detained, or detained pending trial.  § 3142(a).  To
make that determination, a detention hearing shall be held
"immediately upon the person's first appearance before the
judicial officer unless that person, or the attorney for the
Government, seeks a continuance."  § 3142(f)(2).  Detention is
only authorized, however, if one of the circumstances listed in
§ 3142(f) exists.  United States v. Ploof, 851 F.2d 7, 10 (1st
Cir. 1988).  For that reason, when the government seeks
detention, the court makes an initial determination about

7

whether the government has established a threshold ground before proceeding to consider whether a condition or combination of conditions will reasonably assure the appearance of the charged person as required. United States v Salgado, 2020 WL 4747931, at *4 & *6 (D.R.I. Aug. 17, 2020).

In this case, the government sought detention on the ground that the case involved a serious flight risk as provided in § 3142(f)(2)(A). Gramolini contends that § 3142(f)(2) requires the government to make a presentation, and the court to determine, whether the defendant is eligible for detention before a hearing is held. Gramolini contends that the magistrate judge erred in failing to follow that bifurcated procedure. He provides two arguments in support of his theory that a preliminary finding is required.

1.  Continuation

In his motion, Gramolini first points to the provision in § 3142(f)(2) that allows the government to seek a continuation of a detention hearing for three days during which time the person charged with an offense is detained. That part of the statute provides that a detention "hearing shall be held immediately upon the person's first appearance before the judicial officer" unless the person or the attorney for the government seeks a continuance. § 3142(f)(2) (emphasis added).

8

The statute further provides that "[d]uring a continuance, such person shall be detained."  Id.

Gramolini contends that "[s]uch a deprivation of liberty should not occur merely on the government's say so."  Doc. 13, at *5.  Gramolini appears to argue that the government is required to make a flight risk showing and the court is required to make a flight risk finding before a detention hearing may be continued under § 3142(f)(2).[1]  He has provided no authority to support that theory.  The statute does not include the requirements he propounds, and Gramolini cites no cases in support.

In addition, under § 3145(f)(2), the hearing begins immediately, at the time of the charged person's first appearance.  The immediate hearing may be continued, to resume within no more than three days if the government sought the continuance.  Under the statutory procedure, therefore, there is no requirement for the court to make a preliminary finding that the case involves a serious flight risk even before the immediate hearing begins or before the hearing may be continued.  To the extent Gramolini intended to rely on the continuance

---

[1] It is not clear how Gramolini's interpretation of the continuance provision supports his theory of procedural error in this case.

provision to show a procedural error in this case, his theory lacks merit.[2]

Defense counsel has conceded, in any event, that he can point to no substantive prejudice arising from his postulated error. Beyond that, the court finds that the alleged procedural error was not an error and is a moot point now. Even if error occurred and if such error is not moot, there was no prejudice to Gramolini that warrants any relief.

### 2. Serious Flight Risk

In his second argument, Gramolini points out that § 3145(f)(2) requires two separate findings: that the case involves a serious flight risk and, if so, whether a condition or combination of conditions under § 3145(g) would allow release. As was discussed at length during the hearing on Gramolini's motion for review, the magistrate judge made those two separate findings in this case. Gramolini has not shown that the procedure used in his case, which consolidated the presentations on flight risk and, if so, possible conditions of release, was erroneous or prejudiced the outcome.

---

[2] Further, Gramolini does not appear to have raised this issue in his motion prior to the detention hearing or at the detention hearing. For that reason, the new theory is not properly raised here.

Further, nothing in the statute requires a threshold
finding that the case involves a serious flight risk <u>before</u> a
detention hearing may be held.  To the contrary, the statute is
clear that the detention hearing begins immediately at the
charged person's first appearance and then may be continued for
limited periods if necessary.

3.  <u>Result</u>

Therefore, Gramolini has not shown that the magistrate
judge's detention order must be revoked due to procedural error.

B.  <u>Substantive Issues</u>

Gramolini contends that the magistrate judge erred in
finding that this case involves a serious flight risk.  He also
contends that the government did not establish by a
preponderance of the evidence that no condition or combination
of conditions will reasonably assure his appearance as required.

1.  <u>Serious Risk of Flight</u>

The standard for showing a serious risk of flight is a
preponderance of the evidence.  <u>United States v. Patriarca</u>, 948
F.2d 789, 793 (1st Cir. 1991).  In making that determination,
the court may consider the charged person's motivation to flee
because of the potential consequences of the charged offense,

11

such as the length of the sentence that might be imposed and other consequences. Salgado, 2020 WL 4747931, at *5; United States v. Smiley, 2019 WL 6529395, at *4 (D.P.R. Dec. 4, 2019). The court also considers his criminal history as it pertains to the risk of flight, including any history of criminal conduct while on probation or while probation conditions were pending and other conduct that shows a disregard for court orders. Salgado, 2020 WL 4747931, at *5. Additional considerations include the charged person's ties to the district where the charges are pending, along with his ties to other places, and his financial resources to allow flight. Id. at *4; Smiley, 2019 WL 6529395, at *5; United States v. Acherman, 2015 WL 4576926, at *2 (D. Mass. July 30, 2015).

The magistrate judge found that the case involved a serious risk of flight based on Gramolini's criminal history and his history of defaults, his active use of methamphetamine, his charged offense being committed while he was released on bond, and his transient housing situation. Gramolini contends that those matters do not support the magistrate judge's finding.

Based on the court's de novo review, the government has more than adequately shown that the case involves a serious flight risk. Gramolini is facing charges based on strong evidence, including video evidence, that he stole three trailers, which, in combination with his criminal history, could

12

result in a significant sentence if he is convicted.  See United States v. Lidinilah, 2020 WL 6542005, at *4 (D.P.R. Nov. 6, 2020).  Gramolini has a long criminal history that includes criminal conduct committed while he was on probation or released on bond for other charges, which shows a pattern of failing or refusing to comply with court orders.  See Salgado, 2020 WL 4747931, at *5.  In addition, his active use of methamphetamines raises obvious concerns about his reliability and ability to appear as required.  See United States v. Rivera-Pastrana, --- F. Supp. 3d ---, 2018 WL 11305916, at *2 (D.P.R. Mar. 9, 2018).

Therefore, the magistrate judge did not err in finding that the case involves a serious risk that Gramolini will not appear as required.


2.  Condition or Combination of Conditions to Reasonably Assure Appearance

Once a finding is made that the case involves a serious risk of flight, the court must determine whether there is a condition or combination of conditions that would reasonably assure the appearance of the charged person.  § 3142(f)(2). That determination is made based on the available information pertaining to the factors provided in 18 U.S.C. § 3142(g). Salgado, 2020 WL 4747931, at *6.  Those factors are the following:

13

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

§ 3142(g).

After finding a serious flight risk, the magistrate judge turned to the issue of whether a condition or combination of conditions could reasonably assure Gramolini's appearance. She concluded, based on Gramolini's history of defaults, his

14

criminal record, his perceived failure to take care of outstanding defaults and warrants, officers' difficulty in communicating with him, and his substance abuse, that no condition or combination of conditions would reasonably assure his appearance.  Gramolini argues that the magistrate judge erred in her consideration of the factual record.

After the detention hearing before the magistrate judge, new evidence has been presented that shows Gramolini's recent default, or failure to appear in state court as required, which was entered on December 3, 2020, was cleared on February 11, 2021.  In addition, counsel for Gramolini represented during the hearing on the current motion that the most serious charge involving the trailer theft offenses, is currently pending in a Massachusetts court, where Gramolini has been released on $100.00 cash bail.  He, therefore, is already subject to supervision under that order.  Gramolini's previous defaults or failures to appear, are all fifteen or more years in the past.

Gramolini has a place to live, with a supportive landlord, and has significant family ties in the area.  He also apparently suffers from medical conditions that are being treated in New Hampshire and Massachusetts.  Further, based on discussion of other matters pertaining to whether conditions may assure his appearance, the court is not persuaded (on this sparse record) that Gramolini "evaded" communicating with federal agents in a

manner that would suggest an intent to flee.  It also appears
that his substance abuse issues may be addressed with
appropriate conditions.

Review is de novo, which presupposes that reasonable minds
may perceive the same facts and weigh the same considerations
but arrive at different conclusions, with neither assessment
being "incorrect".  In the vast majority of detention order
challenges, different perceptions are rare.  This case is
unusual in a small respect – the failure to appear incident in
December of 2020 was presented to the magistrate judge as
accurate, but it turns out not to be so.  That fact is
significant to me – had it been accurate, I, too, would order
detention.

Without that concrete and recent incident of failing to
appear, however, I think release on conditions is a much closer
question.  Taking into account that this is a non-violent theft
case, with a serious part of it pending in state court (due we
are told to jurisdictional issues); the state court has granted
bail in that case, so that Gramolini is under state supervision
already; Gramolini is aged and in apparent ill health, with his
medical treatment needs being better addressed if he is
released; he lacks the means to travel far or to abscond
successfully; and the fact that he can be effectively supervised
by the Probation Office in this district, I find that a

combination of conditions can be imposed that will reasonably assure his appearance as required.

Gramolini is released on the conditions set forth in a contemporaneous order entitled "Order Setting Conditions of Release."

## Conclusion

For the foregoing reasons, Gramolini's motion for review and revocation of the magistrate judge's detention order (document no. 13) is granted in part: Upon de novo review and for the reasons given, Gramolini is to be released, after processing, on the conditions set in the contemporaneous order.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 15, 2021

cc:  Counsel of record.

17