UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 1:21-cr-00041-5-JL |
| ) | |
| IAN FREEMAN, ET AL ) | |
| ) | |

## GOVERNMENT'S OBJECTION TO DEFENDANT NOBODY'S MOTION TO AMEND CONDITIONS OF RELEASE

1. The defendant, Nobody, was indicted on one count of Conspiracy to Operate an Unlicensed Money Transmitting Business, 18 U.S.C. §§ 371, 1960(a) and (b)(1)(B), one count of Conspiracy to Commit Wire Fraud, 18 U.S.C. §§ 1343, 1349, and three counts of Wire Fraud, 18 U.S.C. § 1343. The defendant was arrested on March 16, 2021, and stipulated to pretrial detention without prejudice.

2. The defendant subsequently moved for a detention hearing and United States Magistrate Judge Lynch held a hearing on the matter on May 28, 2021. The government moved for detention under 18 U.S.C. § 3142(f)(2)(B), arguing that this case involves a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror, largely based upon statements made by the defendant in a recorded jail call following his arrest.

3. Following a hearing at which both the Government and the defendant presented exhibits, and the defendant himself testified, Magistrate Judge Lynch found that by clear and convincing evidence, the defendant presents a danger to law enforcement, probation officers, government employees and the public, and ordered him detained pending trial. *See* ECF No. 76.

4. The defendant appealed that order and this Court subsequently released the defendant on conditions. *See* ECF No. 103. Condition 7(l) prohibits the defendant from

contacting co-defendants and potential witnesses in the case.[1] The Court also specifically added condition 7(c)(c) which prohibits him from participating in public speaking engagements on radio, television, or podcasts. The defendant now seeks to modify those conditions to allow him to participate in the Free Talk Live radio program with co-defendants Freeman and DiMezzo as well as to communicate with those co-defendants via mail, telephone, and in person.

5. The government objects to the proposed amendments. This Court has listened to the inflammatory comments the defendant made during a recorded jail call. During the call, the defendant complained about his "corrupt fucking piece of shit attorney," and stated, "that motherfucker needs to fucking die." The defendant also complained to his friend that he is extremely upset "that these pieces of shit have done this," and goes on to say that, "somebody needs to start shooting pigs, that's the only way, somebody needs to start shooting pigs." The defendant told his friend, "I'm not scared of going to prison, I'll just get some heroin and kill myself. . . . If I die, I die." At another point in the conversation, the defendant said, "It's time for the fucking boogaloo. That's how this thing ends, when we end this fucking government."

6. Although the Court credited the defendant's testimony that he was simply blowing off steam when he made these comments, the Court also recognized the potential danger that this defendant's words might inspire others to act. The Court stated that to the extent it was concerned about the calls, it was because of "his encouragement and leadership and how it would be – how his words would be interpreted by others." Det. Hearing Transcript at 73.

7. The government agrees with the Court's concerns and supports current condition 7(c)(c). In addition, the defendant's request to communicate with his co-defendants is broader

---

[1] Condition 7(l) mistakenly omitted the name Ian Freeman but the parties have agreed it was their understanding that Nobody is prohibited from contact with Freeman as well as the other co-defendants and potential witnesses as listed in the order.

than the conditions imposed on those defendants, who have been ordered to limit communication to issues relating to the radio show broadcast. The defendant merits stricter conditions than these co-defendants not only because of the threatening statements he made, but because of his more egregious criminal convictions and drug use history.

8. The government has consulted with the defendant's supervising probation officer who also objects to the proposed amendments.

                                                Respectfully submitted,

                                                JOHN J. FARLEY
                                                United States Attorney

Dated: January 21, 2022

                                                /s/ Georgiana L. MacDonald
                                                Assistant U.S. Attorney
                                                MA Bar # 685375
                                                53 Pleasant Street, 4th Floor
                                                Concord, New Hampshire 03301
                                                603-225-1552
                                                Georgiana.macdonald@usdoj.gov

                                                /s/ John J. Kennedy
                                                Assistant U.S. Attorney
                                                NH Bar # 19557
                                                53 Pleasant Street, 4th Floor
                                                Concord, New Hampshire 03301
                                                603-225-1552
                                                john.kennedy2@usdoj.gov

                                                /s/ Seth R. Aframe
                                                Assistant U.S. Attorney
                                                53 Pleasant Street, 4th Floor
                                                Concord, New Hampshire 03301
                                                603-225-1552