UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA            )
                                    )
          v.                        )          No. 1:21-cr-00041-05-JL
                                    )
IAN FREEMAN, ET AL                  )
_____ )


**DEFENDANT NOBODY'S AMENDED MOTION TO AMEND ORDER OF**

**CONDITIONS OF RELEASE AND RESPONSE TO GOVERNMENT'S OBJECTION**

COMES NOW THE DEFENDANT, NOBODY and files this Amended and Restated

Motion to Amend the Order of Conditions of Release and Response to Government's Objection

in the above-styled case and respectfully moves this Honorable Court to amend its Order of

release dated September 1, 2021, to amend the conditions of his release pending trial.

**I.      AMENDMENTS TO THE MOTION TO AMEND CONDITIONS OF RELEASE**

1.      Nobody is charged with conspiracy to operate an unlicensed money transmitting

business, conspiracy to commit wire fraud, and wire fraud, for which he was arrested on March

16, 2021. Following a hearing, on September 1, 2021, this Court released Nobody on conditions

that prohibit him from contacting co-defendants and potential witnesses in this case, and also

prohibited him from participating in public speaking engagements on radio, television, podcasts,

or social media. *See* ECF 103.

2.      Having demonstrated that he can comply with the Court's order for conditions of

release, Nobody filed a *Motion To Amend Order Of Conditions Of Release* on January 10, 2022

that requests permission to participate in the "Free Talk Live" radio program with co-defendants

Ian Freeman and Aria DiMezzo to discuss any matter unrelated to the pending charges against

1

him and the other co-defendants. *See* ECF 122. Also requested in the motion was the freedom to associate with co-defendants Ian Freeman and Aria DiMezzo. *Id.* No other requests were made.

3.　　　In the time since Nobody filed the *Motion To Amend Order Of Conditions Of Release*, the undersigned Counsel has received separate written requests from Mark Edgington and Melanie Neighbours for the freedom to associate with Nobody. Consequently, Nobody does amend paragraph six of his previous motion to request freedom of association with Ian Freeman, Aria DiMezzo, Mark Edgington, and Melanie Neighbours.

## II.　　NOBODY'S RESPONSE TO GOVERNMENT'S OBJECTION

4.　　　On January 21, 2022, the Government filed an objection to Nobody's *Motion To Amend Order Of Conditions Of Release* for the following principal reasons: (a) concern about inflammatory comments made during a jail call recorded shortly after arrest nearly one year ago remain of concern, (b) fear that Nobody carries such influence he could incite the public to violence, and (c) allegations that "more egregious criminal convictions and drug use history" warrant Nobody to suffer stricter conditions than Freeman and DiMezzo. *See* ECF 124.

5.　　　In response to the Government's concerns about the recorded jail call made nearly one year ago, Nobody has repeatedly ceded on the record that the inflammatory statements made shortly after his arrest during a jail call were entirely inappropriate and of justifiable concern. However, he has consistently demonstrated that this non-violent behavior was an isolated incident and it does not warrant the breadth of the restrictions imposed upon him pre-trial.

6.　　　In response to the Government's fears that Nobody can influence others to violence, Nobody admits he has enjoyed some minor public recognition as a former co-host of Free Talk Live and candidate for Governor, but he vehemently denies these activities are cause for public violence. Rather, Nobody argues that his former stature as a minor public figure spotlights his insistence on <u>peaceful</u> behavior. For example, in a letter of support filed with this

Court, N.H. Rep. Mark Warden recognizes Nobody as a "… proponent of peaceful protest, free speech, expanding freedom and advancing peace at the local, state and global level," and encouraged this Court "… to look kindly on Mr. Paul [Nobody] as a productive citizen, one who promotes the very ideals of liberty and freedom of speech and association on which this country was founded." *See* ECF 73. Moreover, Judge Kissinger of the Cheshire Superior Court stated in open court and on the record that he has spent a lot of time with Nobody and he did not find him to be a particularly dangerous person. *See* ECF 98 at 8; *See also,* ECF 98, n.3. If the Government's proposition that a person's words of anger spoken in isolation months ago are sufficient cause for prolonged denial of constitutionally guaranteed rights, then all of America is in serious trouble.

7.      In response to the Government's allegations that "more egregious criminal convictions and drug use history" warrant stricter conditions, Nobody asserts that this statement is woefully insufficient to support these continued restrictions under the law.

**A.      18 USC §3142 Mandates using only the least restrictive conditions pending trial.**

8.      In 18 USC §3142, Congress provided plain guidance for when to release a defendant awaiting trial on personal recognizance, an unsecured appearance bond, or pursuant to conditions. In relevant part, sections 3142(b) and (c)(1) require a judicial officer to order a defendant released pending trial on their personal recognizance, or upon execution of an unsecured appearance bond (subject to the condition that the defendant not commit any crimes and submit to a DNA test, as applicable), <u>unless</u> such release would not reasonably assure the appearance of the defendant ("flight risk") or will endanger the safety of any other person or the community ("dangerousness"). If the judicial officer finds that a release on recognizance or assurance bond will not provide adequate protection against flight risk or dangerousness, "… the judicial officer shall order the pretrial release of the person .. subject to the least restrictive

3

further condition, or combination of conditions…" the judicial officer determines will reasonably assure the defendant's appearance and the safety of others and the community. *See* §3142(c)(B).

9.      When considering what may be the least restrictive conditions, the judicial officer may take into account the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See* §3142(g).  In its objection amending Nobody's conditions of pre-trial release, the Government raises no concern about flight risk; nor do they take issue with the nature of the offenses charged or the weight of the evidence against Nobody. Rather, the Government bases its objections on its perception of the history and character of Nobody, including whether and to what extent such history and character may present a justifiable level of dangerousness.

**B.      The Government's arguments for conditions have already been resolved.**

10.      As previously argued before this Court, the drug charges on Nobody's record principally relate to possession of marijuana, an act since decriminalized by New Hampshire's legislature, making this argument overwhelmingly moot. *See* ECF 98 at 13, 12. As for dangerousness, in the hearing held on July 23, 2021, this Court found that the recorded jail call was colorful, but it did not indicate danger; rather, the Court's concern was whether Nobody could comply with conditions of release. *See generally* ECF 98 at 12. Prior to the instant case, when Nobody was freely participating in the Free Talk Live radio show and associating with his friends, he was never found guilty of engaging in violent behavior or inciting others to do the same. Nonetheless, in respect of the Court's order issued five months ago, Nobody has endured extreme isolation from nearly all personal relationships, including through the holidays which are the loneliest of times. Yet, in spite of the reported loneliness, depression, and anxiety, he has managed to maintain perfect compliance with this Court's restrictions. Given how Nobody has

*felt* the gravity of the charges levied against him, first under detention and then isolation, it stands to reason that he can certainly comply with less restrictive conditions.

### III.    NOBODY'S CONDITIONS OF RELEASE ARE UNCONSTITUTIONAL.

11.    For several years, Nobody was a co-host and content contributor of an online podcast called Free Talk Live ("**FTL**") streamed live several times each week from a central location in Keene, New Hampshire.[1] FTL is a forum in which Nobody, Mark Edgington, Ian Freeman, Aria DiMezzo, and guest speakers discuss a variety of topics that cut across current topics including politics, current events, philosophy, literature, individual rights, etc. During the discussion, the public is encouraged to call-in and engage in conversation with the co-hosts about the topics. The livestream is also shared with approximately 200 affiliates over radio, satellite, cable and internet streaming sites.[2] The episodes are recorded for archive, a review of which demonstrates that Nobody does not incite violence or otherwise endanger people when participating on FTL.[3]  Rather, he is a persistent advocate for using only peaceful means of protesting against government actions one might find undesirable.

12.    Upon release from pre-trial detention, Nobody was ordered to "refrain from public speaking engagements on radio, television, or podcasts…," and to -

> Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to, Colleen Fordham, Renee Spinella, Andrew Spinella, Aria DiMezzo, Mark Edgington, Laura Edgington, Michael Hampton, Michael Yakubovich, Christopher Reitman, Darren Humphrey, Melanie Neighbours, Darryl Perry, and other names/spellings listed in the indictment.[4] *See* ECF 103.

---

[1] *See* https://freetalklive.com/
[2] *See* https://freetalklive.com/affiliates/
[3] *See* https://freetalklive.com/archives/.
[4] The exclusion of Ian Freeman from the no contact order was by mistake, a fact conceded by Nobody and later added.

As further explained herein, Nobody asserts that these restrictions violate his First Amendment right to the freedom of speech he would like to exercise on FTL, and his freedoms under the First and Fourteenth Amendments to associate with his friends Ian Freeman, Aria DiMezzo, Mark Edgington, and Melanie Neighbours, all of whom have expressed a reciprocal desire to associate with Nobody.

**A.      The condition against participation on FTL is unconstitutional and unwarranted.**

13.      "The freedom of speech and of the press, which are secured by the First Amendment against abridgement by the United States, are among the fundamental personal rights and liberties which are secured to all persons …." *Thornhill v. Alabama*, 310 U.S. 88, 60 (1940). Yet, freedom of speech and of the press are not absolute rights, but are subject to reasonable limitation. *See* Gitlow v. New York, 268 U.S. 652 (1925). For example, a government may, "… punish those who abuse this freedom by utterances inimical to the public welfare, tending to corrupt public morals, incite to crime, or disturb the public police. *Id.* at 667. So, "[t]he question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent. It is a question of proximity and degree." *Schenck v. United States*, 249 U.S. 47, 51 (1919).

14.      For example, in 1940, Byron Thornhill was a member of a picket line located near his former employer in Tuscaloosa County, Alabama. *See Thornhill v. Alabama*, 310 U.S. 88 (1940). In that case, Thornhill was charged with a misdemeanor for loitering about the premises of his former employer with the intent of influencing others to engage in conduct prohibited by §3448 of the State Code of 1923 for the purpose of interfering with its lawful business. *Id.* Arrested together with several other men on the picket line, the case was granted certiorari by the

U.S. Supreme Court because of the importance of the questions presented. *Id.* In arriving at its

decision to hold the Alabama statute unconstitutional, the Court cautioned that -

> The freedom of speech and of the press guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment. … Freedom of discussion, if it would fulfill its historic function in this nation, must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period.

> Every expression of opinion on matters that are important has the potentiality of inducing action in the interests of one rather than another group in society. [But] the abridgment of the liberty of such discussion can be justified only where the clear danger of the substantive evils arises under circumstances affording no opportunity to test the merits of the ideas by competition for acceptance in the market of public opinion. *Id.* at 101-102; 104-105.

15.     Although Alabama urged the Court to find compelling its interest in protecting the

community from the violence and breaches of the peace it asserts are the concomitants of

picketing, the Court found that there was no evidence of clear and present danger to the residents

of the community. *See Id.* In its opinion, the Court instructed "[i]t is imperative that, when the

effective exercise of these rights is claimed to be abridged, the courts should weigh the

circumstances and appraise the substantiality of the reasons advanced in support of the

challenged regulations." *Id.* at 96. Although Thornhill was indeed disrupting the employer's

business by picketing, the Court found his rights superseded that of the inconvenienced

employer. How much more then should this Court acknowledge the rights of Nobody when the

Government has provided no demonstrative evidence of Nobody inciting anyone to violence or a

breach the peace? How can the Government assert dangerousness when Nobody's long history

of participation on FTL has demonstrated the opposite of what the Government claims? The

Government would have Nobody effectively gagged before he has even spoke for fear of what

he might say and how listener's might react, in spite of years of evidence to the contrary. To

grant the Government's request for continuing gag order under these circumstances would be

tantamount to breaching decades of established constitutional law.

**B.     Continued restrictions on certain associations is unconstitutional and unwarranted.**

16.     Similarly, the Government's restrictions on Nobody's requested associations are

unconstitutional. The right to expressive association, although not expressly listed in the First

Amendment, was first recognized as a fundamental right thereunder by the U.S. Supreme Court

in *NAACP v. Alabama,* 357 U.S. 449 (1958). In that case, the State of Alabama sought to force

the NAACP to produce records identifying all of its members and agents. In response, the

NAACP argued that what Alabama sought to accomplish would violate the rights to freedom of

speech and assembly guaranteed under the Due Process Clause Fourteenth Amendment to the

Constitution. *Id.* at 453. In its review, the Court explained that "[e]ffective advocacy of both

public and private points of view, particularly controversial ones, is undeniably enhanced by

group association," citing several former cases remarking upon "the close nexus between the

freedoms of speech and assembly." *Id.* at 460; *See also, DeJonge v. Oregon,* 299 U.S. 353, 364;

*Thomas v. Collins,* 323 U.S. 516, 530. The Court further stressed that –

> It is beyond debate that the freedom to engage in association for the advancement
> of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due
> Process Clause of the Fourteenth Amendment, which embraces freedom of speech.
> Of course, it is immaterial whether the beliefs sought to be advanced by association
> pertain to political, economic, religious or cultural matters, and state action which
> may have the effect of curtailing the freedom to associate is subject to the closest
> scrutiny. *Id.* at 460-461.

Finding that Alabama showed no controlling justification for the deterrent effect

on the free enjoyment of the right to association, the Court reversed the Supreme Court of

Alabama and remanded the case for proceedings consistent with the Court's opinion.

17.     In this case, the Government asserts 18 USC §3142 to justify the conditions that

restrict Nobody from participating on FTL and freely associating with his close personal friends.

In particular, subsections (c)(1)(B)(iv) and (v) authorize a judicial officer to include specified restrictions on personal associations and orders to avoid all contact with alleged victims of the crime, and with potential witnesses who may testify concerning the offense. However, a plain reading of the statute proves that these restrictions are only available in situations concerning flight and dangerousness, neither of which are applicable in this case.

## IV.    CONCLUSION

18.    In review of the above, the Government has so materially failed to demonstrate the evidence required to deny Nobody his most fundamental and private of constitutional rights, one could make a serious argument that Nobody really should be released on his own recognizance, or at the most with an unsecured appearance bond. However, in deference due this Court and its previously expressed concerns, Nobody does not ask for so much. Rather, with demonstration of self-control, he only requests that he be permitted to enjoy the association of his few friends and his most cherished activity of participating on Free Talk Live together with them, both rights which he is constitutionally guaranteed, and for which there is no demonstrable evidence to justify their continued denial.

**THEREFORE,** for all of the reasons stated above, Defendant Nobody does respectfully request that this Court amend the order of conditions of release to permit him to freely enjoy the association of his personal friends Ian Freeman, Aria DiMezzo, Mark Edgington, and Melanie Neighbours, and to participate once again on Free Talk Live with regard to any subject except this case.

*Signatures on following page*

9

This28th day of January, 2022                    Respectfully submitted,


  */s/ Patrick Richard*_____

Patrick Richard
attyrichard@hotmail.com
NH Bar #: 12934
150 Westford Road, Suite 26
Tyngsborough, MA 01879
978-458-4279
Attorney for Nobody

  */s/ Anessa Allen Santos*_____
Anessa Allen Santos
anessa@intellilaw.io
IntelliLaw
14620 Black Quill Dr.
Winter Garden, FL 34787
239-494-3794
239-804-2033 (fax)
Attorney for Nobody – *Pro Hac Vice*


## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing motion was served by electronic service, on January 28, 2022, on all counsel or parties of record on the service list.


  */s/ Patrick Richard*_____

Patrick Richard