UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 21-cr-41-JL |
| | ) | |
| NOBODY | ) | |

## UNITED STATES' OBJECTION TO DEFENDANT'S MOTION FOR A VARIANCE

The defendant pled guilty to one count of wire fraud in connection with his participation in a bitcoin exchange business that catered to fraudsters. The business, run by co-defendant Ian Freeman, was designed to operate in violation of the Bank Secrecy Act, the law designed to prevent money laundering and to assist the tracking of proceeds of criminal activity. Freeman did not implement meaningful know-your-customer and anti-money laundering procedures and thereby allowed his customers to transact millions of dollars anonymously. In exchange for anonymity, Freeman's customers, many of them criminals, paid him fees far higher than those charged by lawful bitcoin exchanges. Freeman collected these fees and profited mightily.

The defendant provided the business with, in Freeman's terms, "banking support." (PSR 37). In order to operate his business, Freeman needed access to bank accounts into which scam victims would wire him money. Problems arose when banks caught on to Freeman's scheme and closed his accounts and so Freeman hired others to open accounts in their names, and in the names of fraudulent churches, on his behalf. (PSR 17). The defendant opened bank accounts in his name and in the name of the "Church of the Invisible Hand" for Freeman's business. In total, the accounts he opened processed approximately $2,000,000 in funds, much of it proceeds of criminal activity. (PSR 38-39).

The defendant's sentencing memo acknowledges that he met with the U.S. Attorney's Office for a reverse proffer. When confronted with the government's evidence showing that Mr. Freeman's business catered almost exclusively to scammers preying on elderly victims, the defendant immediately decided to plead guilty. *See* Defendant's Sentencing Memo at 4. Because the defendant exhibited sincere remorse for his role in the harm Freeman's business caused, the government agreed to dismiss additional counts, one of which would have triggered a substantially higher guideline range, and enter into this favorable plea agreement. The defendant has also agreed to forfeit gold and silver seized from his residence and to pay a $10,000 money judgment, which the government will seek to have returned to victims of the scams the business facilitated. For these reasons, the government recommends a sentence at the low end of the advisory guideline range.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

By: /s/ Seth R. Aframe
Seth R. Aframe
Bar MA 643288
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552
seth.aframe@usdoj.gov

/s/ Georgiana L. MacDonald
Assistant U.S. Attorney
MA Bar # 685375
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
georgiana.macdonald@usdoj.gov

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

Date:  July 24, 2022