UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-cr-41-JL |
| ) | |
| NOBODY ) | |
| ) | |

CONSENT TO FORFEITURE

I. Forfeiture of Specific Assets

The defendant, Nobody, agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all property subject to forfeiture pursuant to 18 U.S.C.§ 982(a)(2) as a result of his guilty plea, including, but not limited to: (21-FBI-005592) Misc. Goldbacks and (21-FBI-005554) 143 silver coins and one 10-oz silver bar seized on March 16, 2021 from 73-75 Leverett Street, Keene, N.H. ("Forfeitable Property").

II. Money Judgment

Nobody further agrees to the forfeiture of a personal money judgment in the amount of $10,000.00 ("Money Judgment").

Nobody stipulates and consents as follows:

1. Nobody is the sole owner of (21-FBI-005592) Misc. Goldbacks and (21-FBI-005554) 143 silver coins and one 10-oz silver bar, seized on March 16, 2021 from 73-75 Leverett Street, Keene, N.H.

2. Nobody agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the wire fraud offense charged in Count Sixteen of the Indictment. The defendant further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exist; and that the United States is therefore entitled to forfeit substitute assets in an amount not to

exceed $10,000.00. The defendant further agrees that the value of the Forfeitable Property listed above will not be credited to the Money Judgment.

3. The defendant consents to the entry of an order of forfeiture ("Order") requiring the defendant to pay the Money Judgment, and that the Order will be final as to the defendant at sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

The defendant further agrees:

A. Not to contest any administrative, civil or criminal judicial forfeiture proceedings commenced against the Forfeitable Property or Money Judgment. Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed on behalf of himself or any other individual or entity, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

B. That none of the forfeitures set forth in this agreement shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

C. To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Consent to Forfeiture on any grounds, including the following: the

forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

    D. To waive and release any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

    E. To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case. This does not constitute a waiver of Nobody's rights to claim an interest in property not specifically identified in Paragraph 1.

    The defendant acknowledges that the properties to be forfeited under this agreement are subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal conduct.

Dated: Aug 1, 2022

/s/ Nobody
Nobody (Aug 1, 2022 10:40 EDT)
Nobody

Dated: Aug 2, 2022

/s/ *Patrick J. Richard*
Patrick J. Richard (Aug 2, 2022 11:23 EDT)
Patrick Richard, Esq.
NH Bar#: 12934
150 Westford Road, Suite 26
Tyngsborough, MA 01879
978-458-4279
attyrichard@hotmail.com
Attorney for Nobody

Dated: Aug 2, 2022

/s/ *Anessa Allen Santos*
Anessa Allen Santos, Esquire
IntelliLaw
14620 Black Quill Dr.
Winter Garden, FL 34787
239-595-3794
anessa@intellilaw.io
Attorney for Nobody – Pro Hac Vice